CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
4/2/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| TIPPMAN ENGINEERING, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:19-cv-00087 |
| | ) | |
| INNOVATIVE REFRIGERATION SYSTEMS, INC., | ) ) | By: Elizabeth K. Dillon United States District Judge |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on plaintiff Tippman Engineering, LLC's (Tippman) motion to strike defendant Innovative Refrigeration System, Inc.'s (Innovative) affirmative defenses. (Dkt. No. 29.) In response to Tippman's motion, Innovative filed a motion for leave to file a first amended list of affirmative defenses. Although Tippman consented to Innovative's motion, it maintained its objection to several of Innovative's amended affirmative defenses. Accordingly, the court will construe Tippman's motion to strike as challenging Innovative's first amended affirmative defenses. For the reasons set forth below, the court will grant in part and deny in part Tippman's motion.

I. BACKGROUND

As alleged in Tippman's amended complaint, Tippman and Innovative are competitors in the field of cold storage. Both design and build facilities for freezing and storage of food and other goods. In 2018, both parties submitted bids to install a blast freezer system in a warehouse owned by Dothan Warehouse Investors, LLC (Dothan). Dothan hired Innovative, which installed a blast freezer that allegedly infringes various of Tippman's patent claims. Thus, Tippman filed this action seeking damages for patent infringement pursuant to 35 U.S.C. §§ 281, 283–285.

Innovative asserts that Tippman's amended complaint fails to state a claim and asserts the affirmative defenses of non-infringement, unclean hands, waiver or estoppel, inequitable conduct or exhaustion, and invalidity for lack of novelty or obviousness.

## II. DISCUSSION

### A. Rule 12(f) Standard

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may grant a Rule 12(f) motion where "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Bailey v. Fairfax Cty.*, No. 1:10-cv-1031, 2010 WL 5300874, at *4 (E.D. Va. Dec. 21, 2010) (quoting *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09cv123, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009)); *see also Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 726 (W.D. Va. 2010); *Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 WL 2605179, at *2 (W.D. Va. June 24, 2010) (noting that defenses are subject to strike only when they have "no possible relation to the controversy," are "insufficient as a matter of law," "serve only to cause delay," require wasting time and money litigating "invalid, spurious issues," or fail to meet pleading requirements).

Such motions "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted). Thus, courts typically view the challenged pleading in the light most favorable to the non-movant, *Palmer*, 2010 WL 2605179, at *2, and allow a defendant to amend its answer instead of granting a motion to strike, *Warren v. Tri Tech Labs., Inc.*, 6:12-cv-00046, 2013 WL 2111669, at *7 (W.D. Va. May 15, 2013). However, as this court has previously acknowledged, "striking a defense from

2

a pleading is not always, in reality, a drastic remedy. The defendant may seek leave to amend, and 'the court should freely give leave when justice so requires.'" *Odyssey Imaging, LLC*, 752 F. Supp. 2d at 726 (quoting Fed. R. Civ. P. 15(a)(2)). Additionally, while striking an affirmative defense may result in a loss of that defense, "the opposing party still must show 'prejudice or unfair surprise' before the waiver will be enforced." *Warren*, 2013 WL 2111669, at 6.

**B. The Pleading Standards of *Iqbal* and *Twombly***

Tippman argues that the court should apply the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to Innovative's affirmative defenses and, therefore, strike all of the defenses for failure to allege sufficient facts. Tippman reserves this argument for later in its brief, but because the application of a higher pleading standard could be dispositive, the court will address this argument first.

Courts, including this one, have inconsistently applied *Iqbal* and *Twombly* to affirmative defenses. *Compare Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 WL 2605179 (applying the "plausible" pleading standard of *Iqbal* and *Twombly*), *with Henderson v. General Revenue Corp.*, No. 7:17CV00292, 2019 WL 4148172 (W.D. Va. Aug. 30, 2019) ("[A]ffirmative defenses are not subject to the heightened pleading requirements of *Twombly* and *Iqbal*."). However, the recent trend "has been not to apply the *Twombly*/*Iqbal* standard to affirmative defenses." *Henderson*, 2019 WL 4148172, at *3 (quoting *Benedict v. Hankook Tire Co.*, No. 3:17-cv-00109, 2018 WL 936090, at *2 (E.D. Va. Feb. 16, 2018)); *see also Warren*, 2013 WL 2111669, at *7 n.7 ("An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." (quoting *Clem v. Corbeau*, 98 F. App'x 197 (4th Cir. 2004))); *Odyssey Imaging, LLC*, 752 F. Supp. 2d at 726 ("While the plaintiff often can conduct an investigation before filing the complaint . . . the defendant must respond quickly after being served. Thus, the primary purpose of Rule 8(c) is to

3

ensure that the plaintiff has adequate notice that a defense will be raised . . . and not to 'show' . . . that the defendant is entitled to the defense." (citations omitted)). The court agrees with *Henderson* and other more recent cases from this district and declines to apply a heightened pleading standard to affirmative defenses.

**C. Innovative's Affirmative Defenses**

Even under the less-stringent standards of Rule 8(b), Tippman argues that Innovative has failed to plead sufficient facts to support affirmative defenses two through six. The court agrees Innovative's amended affirmative defenses are insufficient with respect to defenses three, five, and part of defense four. However, the court finds that Innovative's second and sixth affirmative defenses contain sufficient factual allegations to survive Tippman's motion to strike.[1]

**1. Non-infringement – second affirmative defense**

As support for its non-infringement defense, Innovative states that "the Accused System is a two[-]stage freezer system and not a one-stage system that is the subject of the '570 Patent, nor does the Accused System installation include a warehouse defining a warehouse space set to a desired air temperature." (First Am. Def. ¶ 2.) Innovative lays out two potential differences that it believes distinguishes its system from that described in Tippman's patent. Moreover, Innovative's allegation that its system does not "include a warehouse defining a warehouse space set to a desired air temperature" tracks the language of Tippman's description of claims one and sixteen. (Am. Compl. ¶¶ 30–32, 55–56.)

---

[1] Tippman also takes issue with portions of Innovative's defenses that suggest Innovative will defend against Tippman's claims based on "reasons to be determined during discovery." (First Am. Def. ¶4; *see also* ¶¶ 2, 6.) While the court agrees that these open-ended statements provide no notice of the yet-to-be-determined facts on which Innovative hopes to rely, it will not strike an otherwise sufficient defense based on the possibility that Innovative may later attempt to raise a new defense or raise a defense to a different patent claim. *See Omega Patents, LLC*, 2007 WL 4247674, at 1 (deciding not to strike similar language from the defendant's affirmative defenses because "until Lear attempts to add or amend an affirmative defense, that issue is not ripe"). If Innovative later seeks to raise additional defenses, Tippman may challenge those defenses at that time.

As discussed above, Innovative need not plead its affirmative defenses with the specificity required in *Iqbal* and *Twombly*. Rather, the defense need only be "contextually comprehensible." *Odyssey Imaging, LLC*, 752 F. Supp. 2d at 726. Innovative's second affirmative defense meets this standard. Viewed in the context of Tippman's allegations, Innovative's second affirmative defense is "comprehensible" at least with regard to claims one and sixteen. *See Warren*, 2013 WL 2111669, at *7 ("[T]o the extent Plaintiff argues that the affirmative defenses raised in the answer are . . . 'boilerplate,' they do not cause any prejudice to Plaintiff, and they preserve defenses that are 'contextually comprehensible' when viewed in light of Plaintiff's factual pleadings.").

### 2. Unclean hands – third affirmative defense

Innovative's third affirmative defense states, in its entirety, "[t]he claims in the First Amended Complaint are barred by the Plaintiff's unclean hands." (First Am. Defenses ¶ 3, Dkt. No. 38.) "Although affirmative defenses generally require only a short and plain statement of the defense asserted, they must include more than bare bones conclusory assertions." *Omega Patents, LLC v. Lear Corp.*, No. 6:07-cv-1422-Orl-31DAB, 2007 WL 4247674, at *1 (M.D. Fla. Nov. 30, 2007). Innovative's defense of unclean hands is "threadbare" and provides insufficient notice of the nature of the defense. *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-cv-658, 2014 WL 2871432, at *3 (E.D. Va. June 24, 2014) (striking defendant's defense that "Plaintiff Flame is barred from any equitable remedies due to its unclean hands"). Accordingly, the court will grant Tippman's motion and strike this defense.

### 3. Waiver or estoppel – fourth affirmative defense

Tippman argues that Innovative's fourth affirmative defense fails to give notice as to what conduct constituted a waiver of its rights or "misleading" conduct warranting estoppel. An estoppel defense may bar an infringement suit where "the patentee, through misleading conduct, leads the alleged infringer to reasonably infer that he does not intend to enforce the patent against the alleged

5

infringer."[2] *ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062, 1063 (Fed. Cir. 1995). In its answer and amended defenses, Innovative gives no indication what "misleading, deceptive, and unlawful conduct" supports its estoppel defense. *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 409 (D. Del. 2009). It states only that Tippman "clarifi[ed] to the Patent and Trademark Office that its claimed invention pertains only to a positive airflow/induced air arrangement, which limitations are not present in the Accused System." (First Am. Def. ¶ 4.)

By contrast, Innovative has provided a sufficient factual basis for its waiver defense. Waiver "is the intentional relinquishment of a known right, with both knowledge of its existence and an intention to relinquish it." *Hammond v. Pacific Mut. Life Ins. Co.*, 159 F. Supp. 2d 249, 256–57 (E.D. Va. 2001) (quoting *Creteau v. Phoenix Assur. Co. of N.Y.*, 119 S.E.2d 336, 339 (Va. 1961)). Innovative apparently intends to argue that by representing to the U.S. Patent and Trademark Office that its invention is subject to certain limitations, Tippman intentionally waived its right to enforce its patent against systems that do not contain the same limitations.

Tippman argues that waiver requires a "clear and unmistakable surrender of subject matter." (Pl. Reply 14 (quoting *Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157, 1177 (Fed. Cir. 2008)).) However, the case on which Tippman relies applies this standard to post-trial motions for judgment as a matter of law. It would be premature to strike the defense for failure to establish a "clear and unmistakable surrender of subject matter" at the pleading stage when Innovative is required only to meet the notice pleading standard of Rule 8.[3]

### 4. Inequitable conduct or exhaustion – fifth affirmative defense

---

[2] The infringer must also have relied upon the patentee's conduct and show that it will be materially prejudiced if the patentee's infringement suit is allowed to proceed. *ABB Robotics, Inc.*, 52 F.3d at 1063.

[3] Tippman also cites to *Sun Microsystems* in support of its motion to strike Innovative's waiver defense. In *Sun Microsystems*, the defendant asserted the conclusory allegation that "Sun has waived all rights, if any, to enforce each of the" patents at issue. Unlike *Sun Microsystems*, Innovative has identified the conduct on which it relies to support its waiver defense.

6

Innovative's fifth affirmative defense states only that "[t]he asserted patent is invalid for one or more reasons, including Plaintiff's inequitable conduct and/or exhaustion (first sale doctrine." (First Am. Defenses ¶ 5.) In its brief in opposition, Innovative merely states that "discovery is necessary to uncover the factual bases for this defense," and that "*if either of these defenses are applicable*, then the factual bases of these defenses are within Plaintiff's realm of knowledge." (Dkt. No. 33, at 7 (emphasis added).) Innovative has all but admitted that its fifth affirmative defense lacks factual support. Accordingly, that defense will be stricken. *See Omega Patents, LLC*, 2007 WL 4247674, at *1 (striking defendant's defense that after an opportunity for discovery, "there is likely to be evidence that one or more claims of the patents-in-suit are invalid for failing to satisfy one or more requirements for patentability").

**5. Invalidity for lack of novelty or obviousness – sixth affirmative defense**

In affirmative defense six, Innovative alleges that the claims at issue "are anticipated or rendered obvious to one of ordinary skill in the art by" several other patents. (First Am. Def. ¶ 6.) Again, the court finds this defense to contain sufficient factual allegations. While Innovative's defense alone may not specify exactly what claims are at issue, a review of the prior art cited by Innovative should elucidate which claims Innovative intends to challenge. Thus, in the context of Tippman's complaint and the prior art on which Innovative relies, Tippman has sufficient notice of Innovative's defense.[4] *See Semco, LLC v. Huntair, Inc.*, No. 11-4026-CV-C-FJG, 2011 WL 3206873, at *2 (W.D. Mo. July 28, 2011) (applying the higher standards of *Iqbal* and *Twombly* and finding that "though a formulaic recitation of the elements is not enough to meet the standards of *Iqbal* and *Twombly*, defendant has done enough to raise a plausible defense by giving an example of

---

[4] Tippman cites a handful of cases for the proposition that non-infringement and invalidity must be analyzed on a claim-by-claim basis. However, those cases discuss the analysis of the merits of these defenses at trial or on dispositive motions. At the pleading stage, Innovative's non-infringement and invalidity defenses sufficiently put Tippman on notice of the factual bases for its defenses.

7

prior art"); *see also Summers Mfg. Co., Inc. v. Tri-County AG, LLC*, 300 F. Supp. 3d 1025, 1045 (S.D. Iowa 2017) (concluding that defendant's identification of prior art placed the plaintiff on notice of a potential affirmative defense at trial).

\* \* \*

Accordingly, the court will deny Tippman's motion with respect to affirmative defenses two and six but will grant the motion as to affirmative defenses three and five. The court will also strike Innovative's estoppel defense from affirmative defense four. Consistent with this district's approach to Rule 12(f) motions, the court will further grant Innovative leave to amend the stricken defenses.[5]

### III. CONCLUSION

For the reasons stated above, it is hereby ORDERED that Tippman's motion to strike Innovative's affirmative defenses (Dkt. No. 29) is GRANTED IN PART and DENIED IN PART. The clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: April 2, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[5] Tippman asserts that the pleading standard of Rule 9(b) applies to affirmative defenses sounding in fraud. Because Innovative has failed to meet even the lesser pleading standard of Rule 8 with regard to the relevant portions of affirmative defenses three, four, and five, the court need not resolve this argument here. Nonetheless, the court notes the Fourth Circuit's decision in *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 704 (4th Cir. 2018), in which it stated that "defendants must satisfy Rule 9(b) when they plead affirmative defenses sounding in fraud." Thus, to the extent Innovative intends to amend its affirmative defenses, it must plead any defense based in fraud with the particularity required by Rule 9(b). *See id.* at 705 (concluding that Rule 9(b) applied to the defendant's affirmative defense of unclean hands); *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (applying Rule 9(b) to an inequitable conduct claim); *Sonos, Inc. v. D&M Holdings Inc.*, No. 14-1330-RGA-MPT, 2016 WL 4249493, at \*5 (D. Del. Aug. 10, 2016) ("An element of estoppel is fraud or misrepresentation, which requires the defense to be pled with particularity under FED. R. CIV. P. 9(b).").